United States District Court
Southern District of Texas

**ENTERED**

March 09, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Mexichem Amanco Holding, S.A. | § | |
| de C.V., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-20-1960 |
| | § | |
| The Chemours Company and | § | |
| The Chemours Company, FC, LLC, | § | |
|     Defendants. | § | |

## Report and Recommendation

Mexichem Amanco Holding, S.A. de C.V., (Mexichem) filed this lawsuit against The Chemours Company (Chemours I) for patent infringement. (D.E. 1.) Chemours I filed a motion to dismiss, arguing that it was not a proper defendant and requesting a more definite statement of Mexichem's pleading. (D.E. 21.)

Mexichem filed an amended complaint with leave of court, adding The Chemours Company, FC, LLC, (Chemours II) as a defendant. (D.E. 23, D.E. 33.) Mexichem alleged, among other facts, that Chemours I started the production facility where the alleged infringement has occurred and "did so in a manner such that . . . Chemours II[] directly infringes [Mexichem's patent]." (D.E. 33 at 14.) Mexichem alleged, "Chemours I was involved in the ramp up of the Chemours Ingleside 1234yf Production Facility and the operating performance of the [facility]." *Id.* Mexichem further alleged:

> [O]n information and belief, Chemours II's infringing acts were done at the direction of, with the authorization of, and/or with the cooperation, participation, encouragement, and assistance of[] Chemours I. Chemours I announced, for example, that in the first quarter of 2020, Chemours I received $61 million in contribution to its earnings driven by better operational

performance and ramp up of the [facility]. Finally,
Chemours I's acts were done with knowledge of Mexichem's
[patent], as evidenced at least by the Interference proceeding.
In short, Chemours I specifically intended for Chemours II to
infringe the [patent] and knew that Chemours II's acts
constituted infringement of the [patent].

*Id.* at 14–15. Mexichem attached two press releases in support of these
allegations. (D.E. 33-2, D.E. 33-3.)

Defendants filed a joint answer in which they asserted that the
above allegations were "incorrect, too generalized, vague, and/or
laden with subjective characterizations to admit or deny[]" and
"den[ied] that Chemours I is inducing or has ever induced
infringement of the [patent]." (D.E. 39 at 17.) In the responsive
pleading, Defendants also asserted counterclaims for
noninfringement and invalidity of the subject patent. *Id.* at 20–21.

On November 9, 2020, the same day that the scheduling order
was entered, Defendants filed a motion to dismiss the amended
complaint, arguing that Chemours I is a holding company that does
not own or operate the facility where the allegedly infringing product
is made, does not make or sell any products, and does not induce
infringement. (D.E. 53 at 13–21.) To counter the above factual
allegations in Mexichem's amended complaint, Defendants rely on
attached evidence, including a declaration of Pauletta Brown, who
holds positions at both Chemours I and Chemours II. (D.E. 53,
D.E. 53-1, D.E. 53-4, D.E. 53-5.) Every argument in the motion to
dismiss relies, in varying degrees, on Brown's declaration. (D.E. 53 at
13–20.) For example, Defendants argue that several statements in the
above paragraph from Mexichem's amended complaint are false,
citing Brown's declaration as evidence. *Id.* at 18.

In response, Mexichem argues that it pleaded enough facts to
state a claim of infringement against Chemours I and that the court

should construe the complaint in favor of Mexichem. (D.E. 58 at 11.) Mexichem further argues that, if the court decides to consider Brown's declaration and other evidence, it must treat the motion as one for summary judgment and must provide Mexichem a reasonable opportunity to present all relevant evidence. *Id.* at 12. Mexichem submitted the evidence that it "has obtained so far at this early stage[,]" which it argues "shows that Chemours I directly infringes the [patent] and induces infringement of the [patent]." *Id.* Mexichem further argues, "The evidence offered by Chemours in . . . Brown's declaration is contradicted by Mexichem's evidence and at best highlight[s] disputes of material fact that render judg[]ment against Mexichem inappropriate." *Id.*

In their reply, Defendants again rely on Brown's declaration, arguing that "[n]one of Mexichem's purported 'evidence' to the contrary changes this reality" that Chemours I "is a holding company with no employees that does not make or sell any products and never has." (D.E. 62 at 4, 7–8.) Defendants reiterate that the amended complaint contains false statements as shown by Brown's statements. *Id.* at 9–10.

At this point in time, four months after the filing of the motion to dismiss, this case remains in a nascent stage of patent litigation– claim construction. (D.E. 52.) Although discovery on claim construction ends on March 25, 2021, the scheduling order requires that the parties remain focused on claim construction through June 10, 2021, the date of the claim construction hearing. *Id.* at 2–3. The deadline for final infringement contentions and to amend pleadings on infringement claims is approximately a month after the court issues its decision on claim construction, followed two weeks later by the deadline for final invalidity contentions and to amend pleadings on invalidity claims. *Id.* at 3. Expert witnesses on issues other than

claim construction must be designated by October 21, 2021, and responsive expert witnesses must be designated by November 18, 2021. *Id.* at 4. The discovery deadline on all issues is January 20, 2022, and the motions deadline is February 17, 2022. *Id.*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(c) allows a party to move for judgment after the pleadings are closed and "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020). When matters outside of the pleadings are presented to the court and not excluded, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Regardless of whether the court examines only the pleadings in this case or considers the extra-pleading material submitted by the parties, disputes of material fact are evident. Because the court cannot reach a judgment by looking only to the substance of the pleadings, a Rule 12(c) motion is not proper. *See Garza*, 972 F.3d at 727. Although the court may consider the extra-pleading materials and convert the motion to one for summary judgment, the court finds that doing so also is not appropriate at this time. *See Porter v. Shearson Lehman Bros. Inc.*, 802 F. Supp. 41, 52 (S.D. Tex. 1992) (citing *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)) (stating that the court has "complete discretion" in deciding whether to rely on any material beyond the pleadings).

The case has not progressed to the point of full discovery. The focus of discovery at this point is claim construction followed by

4

infringement contentions and invalidity. Taking the motion under advisement as one for summary judgment shortcuts discovery. Discovery does not close for almost a year. Mexichem must be given a reasonable opportunity to discover and present all relevant evidence. *See* Fed. R. Civ. P. 12(d). Mexichem also may choose to test in discovery the attestations of Brown on which Defendants so heavily rely. Accordingly, the court finds that the evidence submitted with the briefing in this case is incomplete and is not likely to "enable a rational determination" on summary judgment or "facilitate the disposition of the action." *Porter*, 802 F. Supp. at 52 (quoting *Isquith ex rel. Isquith*, 847 F.2d at 193 n.3).

As the motion is not appropriate under either Rule 12(c) or Rule 56, the issues raised in the motion to dismiss are better resolved on summary judgment after a more fulsome period of discovery. The court therefore recommends that the motion to dismiss be denied without prejudice to Defendants' right to raise the issues in a summary judgment motion to be filed later in the case with all other dispositive motions.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March ___8___, 2021.

Peter Bray
United States Magistrate Judge